UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **SCHROEDER, STEPHEN R.,** | ) | BK-21-13346-SAH |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

# MOTION FOR RELIEF FROM AUTOMATIC STAY

Lanny Dean Spencer ("Spencer"), a creditor and party in interest in the above-captioned bankruptcy case, moves this Court for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to pursue his interests in the case noted *infra*. In support of the relief requested, Spenser states as follows:

## JURISDICTION

1. Stephen R. Schroeder ("Debtor") filed his voluntary petition for relief under chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, on December 30, 2021 (the "Voluntary Petition").

2. Venue of this case and of this motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157.

4. This is a core proceeding as designated by 28 U.S.C. § 157(a), (b)(1), and (b)(2)(G).

5. This action is brought pursuant to Fed. R. Bankr. P. 4001, and 11 U.S.C. § 362(d).

**FACTUAL BACKGROUND**

6.   On June 15, 2017, Spencer filed in the District Court of Oklahoma County an action against Debtor, *Lanny Dean Spencer v. Stephen Ryan Schroeder,* CJ-2017- 3437 (the "State Court Action"), wherein Spencer alleged Debtor's negligence, lack of ordinary care, and unreasonable and/or reckless conduct in the course of Debtor's operation of Debtor's vehicle caused said vehicle to strike the vehicle in which Spenser was driving and, as a result of which, Spenser suffered medical expenses, physical injury, and other actual damages.

7.   Discovery in the State Court Action is complete. The parties were scheduled for jury trial to commence on February 28, 2022, following a Pretrial Conference Order entered August 17, 2021.

8.   Contemporaneously with the filing of this motion, Spencer has filed an adversary complaint against Debtor, seeking to hold the debt owed by Debtor to Spencer non-dischargeable in Debtor's bankruptcy proceeding.

9.   The issues raised in the State Court Action mirror those that would be litigated in the adversary complaint filed against Debtor by Spencer.  Resolution of the State Court Action would serve to liquidate the claims Spencer has against Debtor.

**BRIEF IN SUPPORT**

The Court has authority to modify the automatic stay pursuant to Section 362 of the Bankruptcy Code, which provides in pertinent part that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – [f]or cause.

11 U.SC. § 362(d)(1). "Because 'cause' is not further defined in the Bankruptcy Code, relief from stay for cause is a discretionary determination made on a case by case basis." *In re Busch*, 294

B.R. 137, 140 (B.A.P. 10th Cir. 2003). "The moving party has the burden to show that 'cause' exists to lift the stay, after which the burden shifts to a debtor to demonstrate why the stay should remain in place." *Id.* at 140-41.

Various factor tests have been employed by courts in determining whether cause exists to modify the automatic stay. *See, e.g., In re Curtis*, 40 B.R. 795 (Bankr. Utah 1984). Under the *Curtis* analysis, Court's consider the following twelve (12) factors:

> (1) whether the relief would result in a partial or complete resolution of the issues; (2) the lack of any connection with or interference with the bankruptcy case; (3) whether the foreign proceedings involves the debtor as a fiduciary; (4) whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases; (5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question; (7) whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties; (8) whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c); (9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f); (10) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; (11) whether the foreign proceedings had progressed to the point where the parties were prepared for trial; (12) the impact of the stay on the parties and the 'balance of the hurt.' (internal citations omitted).

*In re Curtis*, 40 B.R. at 799-800.

Under the foregoing analysis, cause exists to modify the automatic stay so as to allow prosecution of the State Court Action. The State Court Action is uniquely positioned to economically address Spencer's claims, claims which could implicate or even more likely resolve Spencer's claims in the related adversary proceeding, Adv. Pro. 22- 01015. Thus, the interests of judicial economy and expeditious resolution of the matter in the State Court Action weigh in favor of modifying the stay as to Spencer so as to allow him to pursue these claims.

Further, there is no prejudice to Debtor or to Debtor's bankruptcy estate in proceeding with the State Court Action. The issues to be tried in the State Court Action will be the same as those in the pending adversary proceeding. Neither the State Court Action nor the adversary proceeding will negatively impact Debtor's bankruptcy estate. Should the stay be modified so as to allow Spencer to pursue this matter, the rights of other creditors in this case would not be impacted or prejudiced. The hardship to Spencer by maintenance of the stay considerably outweighs the hardship of Debtor, especially inasmuch this matter was on the eve of trial, and particularly given Debtor's defense in the State Court Action was being provided by his insurance carrier. Allowing Spencer relief from the automatic stay similarly expedites resolution of the State Court Action, which is trial ready. This would necessarily facilitate the resolution of the pending adversary proceeding; relief from stay would prevent duplicative and unnecessary expenditures by all involved. Accordingly, the automatic stay should be modified to allow Spencer to pursue his rights in the State Court Action.

The relevant Curtis factors favor lifting the stay because (1) allowing Spencer to pursue the State Court Action would simplify the issues in the dischargeability adversary proceeding; (2) the State Court Action is trial ready; (3) litigation in the State Court Action would not prejudice the interests of other creditors because this matter is, at its core, a two party dispute; (4) the interest of judicial economy and the expeditious and economical determination of litigation for the parties is ever present here because the State Court Action is ready to proceed; (5) the State Court Action has progressed such that the parties were prepared for trial; and (6) Debtor's insurance carrier has assumed responsibility for defending the State Court Action. Spencer respectfully submits that these factors weigh in favor of modifying the automatic stay to allow the State Court Action to proceed.

WHEREFORE, Spencer requests this Court grant him relief from the automatic stay for cause to proceed in the State Court Action as described above, and for such other and further relief as is just, equitable and appropriate.

### NOTICE OF OPPORTUNITY FOR HEARING

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.

**The 14-day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).**

                                              Respectfully submitted,

                                              /s/ Mark B. Toffoli
                                              Mark B. Toffoli (OBA# 9045)
                                              THE GOODING LAW FIRM
                                              A Professional Corporation
                                              204 North Robinson Avenue, Suite 1235
                                              Oklahoma City, OK  73102
                                              TELEPHONE:  405.948.1978
                                              TELEFACSIMILE:  405.948.0864
                                              EMAIL: mtoffoli@goodingfirm.com

                                              ATTORNEYS FOR LANNY DEAN SPENCER